UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DONDLI HAYES and MICHAEL PARR, Individually, and on behalf of themselves and other similarly situated current and former employees,<br><br>    Plaintiffs,<br><br>v.<br><br>BUTTS FOODS, INC., a Tennessee Corporation, RAY BUTTS III, and R.E. Butts, IV, Individually,<br><br>    Defendants. | No.: 1:18-cv-1235-STA-jay |

## REPORT AND RECOMMENDATION

On referral for report and recommendation [D.E. 45] is Plaintiffs' motion for conditional certification, approval of 29 U.S.C. § 216(b) notice and consent forms, and an order to disclose certain information for current and former employees [D.E. 19]. Defendant opposes the Motion. For the following reasons, the Magistrate Judge recommends that the Court grant Plaintiff's Motion for conditional class certification.

Relevant Background

Defendant Butts Foods is a Tennessee company that distributes protein foods products throughout the Southeastern and Midwestern United States. (Collins Aff., 1-8). Its offices and main distribution facility are located in Jackson, Tennessee. (*Id.* ¶ 8). Butts Foods has locations in Tarrant, Alabama, Nashville, Tennessee, and Hattiesburg, Mississippi. (*Id.* ¶ 10). In operating

their business, Defendants employ individuals to operate delivery vehicles and to work in Defendants' warehouse. [D.E. 1, First Amended Complaint ¶¶ 20-31].

Named Representative Plaintiffs Dondli Hayes and Michael Parr ("Plaintiffs") allege that they have been employed by Butts Foods, Inc., Ray Butts III, and R.E. Butts, IV ("Defendants") throughout the past three (3) years. [D.E. 1, First Amended Complaint ¶¶ 12-15]. Plaintiff Hayes was hired as a "dual capacity" employee and worked both as a delivery driver and as a warehouse employee. *Id.* at ¶ 9. Plaintiff Parr brings claims solely as a warehouse employee. *Id.* at ¶¶ 10, 30-31. Plaintiffs allege that they and putative class members were not paid the applicable Fair Labor and Standards Act ("FLSA") overtime rate for all hours worked in excess of forty (40) per week. *Id.* at ¶¶ 17-21, 23-28. Plaintiffs allege that Defendants subjected them and other similarly situated "dual occupation" drivers and warehouse workers to a common practice of performing work duties in excess of forty (40) hours per week without overtime compensation. *Id.*

On behalf of the "dual occupation" driver class, Plaintiffs allege they perform(ed) the same primary job duties: driving tractors and trailers and unloading/loading Defendants' food products. [D.E. 37, First Am. Compl. at ¶¶ 22-29; Declaration of Dondli Hayes, ¶¶ 4-8, Exhibit C; Declarations of Opt-in Plaintiffs Timothy Allan Thedford and Jerimie Wood, Exhibit D].[1] They allege they routinely work(ed) well in excess of forty (40) hours per week for Defendants and were compensated on an hourly basis, and allege that Defendants have never paid them overtime compensation for hours worked above forty (40) per work week. [D.E. 37, First Am. Compl. at ¶¶ 24-29; Hayes Decl., ¶ 3, Ex. C; Thedford Decl., ¶ 3; Wood Decl., ¶ 3, 11, Ex. D.].

---

[1] Plaintiffs point out that since this lawsuit was filed, Defendants switched the manner in which "dual occupation" drivers are compensated. Now, they are paid in relation to the amount of stops they do and the miles they drive. [Hayes Decl., ¶ 3, Ex. C]. Plaintiffs allege that the dual occupation drivers are still not paid overtime compensation.

The warehouse worker class allege they are similarly situated, as they performed the exact same work duties: stocking and loading pallets and vehicles. [D.E. 37, First Am. Compl. at ¶¶ 22-25; Declaration of Michael Parr, ¶¶ 4-7, Exhibit C; Declarations of Opt-in Plaintiffs Antonio Long, Jason Ward, and Shawn Marrow, Exhibit D.] They likewise allege they routinely worked in excess of forty (40) hours per week, were paid hourly, and were not compensated at the applicable overtime rate of pay for all hours worked past forty (40) in a given week. [D.E. 37, First Am. Compl. at ¶¶ 22-29; Parr Decl., ¶¶ 3, 8, Ex. C; Long Decl., ¶¶ 3, 9; Ward Decl., ¶¶ 3, 8; Marrow Decl., ¶¶ 3,8 Ex. D].

Analysis

Section 216(b) of the FLSA provides:

> An Action [under *§ 206*] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*29 U.S.C. § 216(b)*. Collective actions under the FLSA require putative class members to opt into the class. *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 583 (6th Cir. 2009). Also in contrast to Rule 23 class actions, an FLSA collective action is not subject to the numerosity, commonality, typicality, and representativeness requirements of a traditional *Rule 23* class action. *Whalen v. United States*, 85 Fed. Cl. 380, 383 (2009).

Plaintiffs in a FLSA collective action must demonstrate that they are "similarly situated." *29 U.S.C. § 216(b)*; *O'Brien,* 575 F.3d at 583. Under the FLSA, putative class members "whose causes of action under the FLSA accrued at about the time and place and in the approximate manner of the named plaintiff would be similarly situated and can opt into the action." *Miklos v.

*Golman-Hayden Companies, Inc.,* No. 2:99-CV-1279, 2000 WL 1617969, at *1 (S.D. Ohio, Oct. 24, 2000). When an FLSA action is based on a defendant's unified and allegedly illegal policy, courts may "conditionally certify" a class at the early stages of discovery, before all plaintiffs have received notice, based on representations contained in the pleadings and affidavits of named plaintiffs that the defendant employs a unified policy that has resulted in FLSA violations to all putative class members. *See O'Brien,* 575 F.3d at 585-86 (requiring, at a minimum, an allegation that each putative class member suffered from an FLSA violation); *Pacheco v. Boar's Head Provisions Co., Inc.,* 671 F. Supp. 2d 957, 959, 961 (W.D. Mich. 2009) (noting that there must be allegations that potential plaintiffs were victims of a common plan, but that, at the conditional certification stage, these allegations can be contained in the pleadings and affidavits of named parties). The Sixth Circuit recently explained:

> Courts typically bifurcate certification of FLSA collective action cases. At the notice stage, conditional certification may be given along with judicial authorization to notify similarly situated employees of the action. *Id.* Once discovery has concluded, the district court—with more information on which to base its decision and thus under a more exacting standard—looks more closely at whether the members of the class are similarly situated.

*Monroe v. FTS USA, LLC,* 860 F.3d 389, 397 (6th Cir. 2017), cert. denied, 138 S. Ct. 980, 200 L. Ed. 2d 248 (2018).

At the notice stage, the plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer,* 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.,* 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer,* 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.,* 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). As Judge Mays explained:

4

> Several courts have recognized that the named plaintiff's burden at this stage is not a heavy one. *White v. MPW Indus. Servs.,* 236 F.R.D. 363, 367 (E.D. Tenn. 2006*)*; *Swallows v. City of Brentwood, Tenn.,* 2007 U.S. Dist. LEXIS 61130, 2007 WL 2402735, at *2 (M.D. Tenn. Aug. 20, 2007). "[T]he burden of proof is relatively slight at this stage of the case because the Court is not making a substantive determination on the basis of all the evidence but simply adopting a procedure which permits notice to be given to other potential class members." *McDonald v. Madison Township Bd. of Township Trustees,* 2007 U.S. Dist. LEXIS 76450, at *6 (S.D. Ohio Oct. 5, 2007).

*Frye v. Baptist Mem'l Hosp., Inc.*, 2008 U.S. Dist. LEXIS 107139, *12-13, (W.D. Tenn. Sept. 16, 2008).

Here, Plaintiffs have presented evidence, including declarations of themselves and coworkers, that their position is similar to those of the putative class. In their Response opposing conditional certification, Defendants advance three arguments. First, they contend that the Federal Motor Carrier Act ("FMCA") defense precludes conditional certification. Second, they maintain that the warehouse worker declarants did not describe their job duties. Finally, Defendants assert that there is no basis for a company-wide class to be certified.

Defendants first argue that the FMCA exemption applies to its employee drivers. Section 13(b)(1) of the FMCA provides an exemption from the FLSA if two requirements are met: 1) the employer is a "motor private carrier," and 2) the employee(s) at issue engage in activities that "affect the safety of operation of motor vehicles engaged in [interstate transportation]." Defendants' position is that Plaintiffs' classification of drivers as "dual-capacity" is a red-herring meant to obfuscate the Court. Defendants maintain that even if an employee only performs a few safety-affecting tasks, he would still fall within the scope of the FMCA exemption. 29 CFR 782.2(b)(3); *Morris v. McComb*, 332 U.S. 422 (1947).

Plaintiffs concede that Butts Foods is a "motor private carrier," but state that the warehouse workers have no duties that affect safety and, thus, the FMCA exemption is not

5

applicable. Additionally, Plaintiffs explain that putative class members sometimes drove small vehicles less than 10,000 pounds. Defendants acknowledge Section 306 of Technical Corrections Act ("TCA"), which generally provides that a driver who operates a vehicle with a gross weight of less than 10,000 pounds as part of his job duties may be entitled to overtime during those workweeks in which the driver was required to drive the small vehicle. Defendant argues that it would be inappropriate for the Court for certify a class of drivers based on this theory because the two driver affidavits submitted do not support the conclusion that a class exists. Defendants further posit that Plaintiffs' reliance on the MCA's "small vehicle exception" requires the Court to conduct "mini-trials for every single driver who may decide to opt-in." *Id.* In Defendants' view, "there is no way for the Court to adjudicate [Plaintiffs' overtime claims] on a class wide basis, based on the testimony offered by [Named Plaintiff Hayes] or any sample size of drivers." [D.E. 50, Defs' Mem. in Resp. to Motion for Conditional Certification at 12].

In their Reply, Plaintiffs rely on *Boyd v. Schwebel Baking Co.*, as instructive. 2016 U.S. Dist. LEXIS 85378 (N.D. Ohio June 30, 2016). Like in the case at hand, *Boyd* involved a class of delivery drivers that drove trucks weighing in excess of 10,000 pounds, who also drove small vehicles weighing less than 10,000 pounds at least part of their workweeks. *Id*. at *3. The *Boyd* plaintiffs filed suit alleging their employer unlawfully denied them overtime wages. *Id*. at *5-6. While the defendant employer argued that "distinguishing between which individuals" that operated small vehicles and those that only operated large vehicles would "require an individual inquiry unsuited for collective treatment," the court explained "the need for individual assessments does not necessarily defeat certification." *Id* at *37. (citing *O'Brien v. Ed Donnelly Enters.*, 575 F. 3d 567, 585 (6th Cir. 2009)). The court ultimately found that the defendants' "individualized defenses" argument is best reserved for the decertification stage. *Id.* at *23-24

6

(citing *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 828 (N.D. Ohio 2011)); *see also Gomez v. Loomis Armored US, LLC*, No. SA-16-CA-00931-DAE, 2017 WL 2999422, at *5 (W.D. Tex. Apr. 3, 2017) ("The facts that Plaintiffs might be exempt from the FLSA due to the MCA . . . and that application of the MCA exemption requires a week-by-week analysis do not preclude conditional certification."). The Magistrate Judge agrees with the reasoning of the *Boyd* court and finds that given the lenient standard for notice, the purpose and intent of conditional certification, and the factual inquiries necessary for such defenses that go beyond the scope of this stage of the proceedings, these defenses are best reserved for the decertification stage.

Second, Defendants argue that the warehouse worker declarants did not describe their job duties. They complain that Plaintiffs have submitted identical declarations that do not outline their job duties. The Court finds this argument without merit. Identical or nearly identical job duties are fairly commonplace in these types of actions. *See Jowers v. NPC Int'l, Inc.*, 2016 WL No. 13-1036, 7238963, at *5 (W.D. Tenn. Dec. 13, 2016) ("'the fact that declarants have had identical experiences as [others] strongly supports a finding that the [plaintiffs] are substantially similar to each other.'") (quoting *Watson v. Advanced Distrib. Servc., LLC*, 298 F.R.D. 558, 564 (M.D. Tenn 2015)). Furthermore, a review of the declarations shows that, for example, warehouse worker Michael Parr alleges that he routinely worked 50-60 hours a week with no overtime, was required to stock delivery trucks, required to unload incoming trucks, stock food products, stage food products and unload trucks [D.E. 44-4, Decl. of Michael Parr]. Mr. Parr states he also pulled orders and when loading trucks, followed a loading scheme at the direction of management. The Magistrate Judge finds this description of job duties adequate. The Court notes that the Long, Morrow and Ward declarations are not identical, but very similar, and sufficiently descriptive. Plaintiffs have alleged that Defendants employ a unified policy that has

7

resulted in FLSA violations to all putative class members, and therefore the Magistrate Judge recommends a finding that Plaintiffs meet the lenient standard at this notice stage.

Finally, Defendants assert that there is no basis for a company-wide class to be certified, stating that there is simply no evidence to suggest that employees at Butts Foods facilities outside of Jackson, Tennessee are subject to the same circumstances. However, Plaintiff Hayes testified that Defendants' manager, Luke Collins, exercises supervisory authority over all of Defendants' facilities. Having the same supervisor can indicate the proposed class is similarly situated. *See e.g., Hester v. Phillips 66 Co.*, 2019 U.S. Dist. LEXIS 72840, *20-22 (S.D. Tex. April 30,2019) (recognizing that having the same supervisor can sometimes help to meet "the threshold for conditional class certification"). Moreover, Plaintiffs point out that Defendants' written company policy states that their hourly-paid employees are not paid overtime. This policy corroborates their allegations and is enough to show that the proposed class were "victims of a common policy or plan that violated the law." *Salley v. ABC Fin. Servs.,* 2017 U.S. Dist. LEXIS 124992 at *2 (E.D. Ark. Aug. 8, 2017)

For an FLSA case, the "similarly situated" standard is met where the class members share similar job requirements and pay provisions. *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 67-68; *Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996); *Thompson v. Direct Gen. Cons. Prods.*, 2014 WL 884494, *11-12 (M.D. Tenn. March 5, 2014); *Rogers v. HCA Health Services of Tennessee*, 2013 WL 3224026 (M.D. Tenn. June 25, 2013). Plaintiffs' claims and job positions need not be identical to the potential opt-ins, they need only be similar. *Dybach*, 942 F.2d at 1567-68. The Magistrate Judge recommends that the Court find that Plaintiffs have met their burden on showing that their positions are similar to the positions held by the putative class members in both classes, and, thus grant conditional certification. The

Magistrate Judge further recommends, in the event this Report and Recommendation is adopted and the conditional certification is approved, that the putative class' statute of limitations be tolled as of July 3, 2019, and counsel be granted 10 days to negotiate the language of the notice.

    Respectfully Submitted,

                        **s/Jon A. York**
                        Jon A. York
                        UNITED STATES MAGISTRATE JUDGE

                        Date:   **July 30, 2019**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.