# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF TENNESSE
# EASTERN DIVISION

| | |
|---|---|
| DONDLI HAYES and ) | |
| MICHAEL PARR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:18-cv-01235-STA-jay |
| ) | |
| BUTTS FOODS, INC. and ) | |
| RAY BUTTS, ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 1, 2019, the Court referred Plaintiffs' motion for conditional class certification, approval of 29 U.S.C. § 216(b) notice and consent forms, and an order to disclose certain information for current and former employees (ECF No. 44) to Magistrate Judge Jon A. York for a report and recommendation. (ECF No. 45.) On July 30, 2019, Magistrate Judge York issued a report and recommendation that the motion be granted and company-wide notice be issued. (ECF No. 54.) Defendants have filed objections to the report and recommendation (ECF No. 55), and Plaintiffs have filed a response to the objections. (ECF No. 57.) For the reasons set forth below, the report and recommendation is **ADOPTED** in its entirety.

The Court must make a de novo determination as to those portions of a magistrate judge's report and recommendation to which objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify the recommended disposition in whole or in part. *Id.* The Court is instructed to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "The

clearly erroneous standard applies only to factual findings made by the magistrate judge, while his legal conclusions [are] reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)). A legal conclusion is contrary to law when it "contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Steede v. Gen. Motors, LLC*, 2012 WL 2089755, at *2 (W.D. Tenn. June 8, 2012); *see also* 32 *Am. Jur. 2d Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

According to Defendants, Plaintiffs have failed to demonstrate that they are similarly situated to the drivers and warehouse employees at other Butts Foods locations so as to support company-wide conditional certification. Specifically, Defendants maintain that their written policy stating that putative class members are not paid overtime is insufficient to warrant company-wide certification. Thus, the issue before the Court is whether the Magistrate Judge correctly determined that Plaintiffs met the applicable evidentiary burden in support of their allegations that a company-wide class of drivers and warehouse workers exists.

The parties agree that Plaintiffs bear the burden of demonstrating that they are similarly situated to the proposed class. However, Plaintiffs need only make a "modest factual showing" that other employees are similarly situated. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006); *see also Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F.Supp.2d 957, 959 (W.D. Mich. 2009) (noting that courts require plaintiffs to show that there is "a reasonable basis for their claim of class-wide discrimination" and this showing may be based solely on the pleadings and any filed affidavits). The standard at the notice stage is "fairly lenient ... and typically results

in 'conditional certification' of a representative class[.]'" *Comer*, 454 F.3d at 547 (citation omitted.) The Court does not resolve factual disputes or make credibility determinations at the conditional certification stage. *Beetler v. Trans—Foam, Inc.*, 2011 WL 6130805 at *3 (N.D. Ohio Dec. 8, 2011).

In the present case, Magistrate Judge York considered the relevant background of the case, the allegations of the amended complaint, and the declarations of the Plaintiffs and various Opt-In Plaintiffs. Magistrate Judge York then analyzed the relevant law concerning collective actions under the Fair Labor and Standards Act ("FLSA") and applied that law to this case. After noting that plaintiffs in a FLSA collective action must demonstrate that they are "similarly situated," 29 U.S.C. § 216(b), Magistrate Judge York rejected Defendants' arguments that (1) the Federal Motor Carrier Act ("FMCA") defense precludes conditional certification; (2) the warehouse worker declarants did not describe their job duties; (3) there is no basis for a company-wide class to be certified.

Because Defendants' have not objected to the portion of the report and recommendation rejecting their first two arguments, the Court will only consider whether Magistrate Judge York erred in finding that there was a basis for company-wide class certification. In making his determination that Defendants' drivers and warehouse workers were similarly situated, the Magistrate Judge considered the fact that Defendants' written company policy stated that their hourly-paid employees are not paid overtime and determined that the "policy corroborates their allegations and is enough to show that the proposed class were 'victims of a common policy or plan that violated the law.'" (Rep. & Rec. p. 8, ECF No. 54 (quoting *Salley v. ABC Fin. Servs.*, 2017 U.S. Dist. LEXIS 124992 at *2 (E.D. Ark. Aug. 8, 2017)). He then considered the fact that Defendants' manager, Luke Collins, exercised supervisory authority over all of Defendants'

facilities and found that "[h]aving the same supervisor can indicate the proposed class is similarly situated." (*Id.* (relying, in part, on *Hester v. Phillips 66 Co.*, 2019 U.S. Dist. LEXIS 72840, *20-22 (S.D. Tex. April 30,2019) (recognizing that having the same supervisor can sometimes help to meet "the threshold for conditional class certification"))).

Having carefully reviewed the record, the controlling case law, and Defendants' objections, the Court agrees with the Magistrate Judge's recommendation. Defendants have failed to show that the Magistrate Judge's factual findings were clearly erroneous or that his legal conclusions were contrary to law. Accordingly, the Court **ADOPTS** the report and recommendation in its entirety for the reasons set forth by Magistrate Judge York.

Pursuant to the scheduling order (ECF No. 31), mediation will occur within forty-five (45) days after close of the notice period, and the parties must submit a revised proposed scheduling order within thirty (30) days of this order as to the following deadlines: (1) Completing all written discovery, including discovery and depositions of all fact witnesses; (2) Expert Witness Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2); (3) Expert Witnesses' Depositions; (4) Motions to Exclude Experts under Fed. R. Evid. 702/Daubert Motions; (5) Rule 26(e)(2) Supplementation; (6) Filing Dispositive Motions; (7) Joint Proposed Pretrial Order; (8) Pretrial Conference Dates; and (9) Jury Trial date. The Court will review these dates and adjust accordingly.

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. Thomas Anderson
Chief United States District Judge

Date: September 11, 2019